# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-CV-00044-MR-DSC

| | |
|---|---|
| TODD W. PLAINTIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| STATE OF NORTH CAROLINA, et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Special Leave of the Court to Modify Service of Summons and Complaint" (document # 33); "Plaintiff's Motion to Amend" (document #34); and "Plaintiff's Motion for Special Leave to File Second Amended Complaint" (document #35) all filed May 26, 2015.

In Plaintiff's "Motion to Amend" (document #34), he seeks leave of Court to amend pages 1 and 2 of the caption page of his Verified Amended Complaint. In Plaintiff's "Motion for Special Leave to File Second Amended Complaint" (document #35), he seeks leave of Court to file a second amended complaint based upon additional evidence that identifies ten of the "Doe" Defendants. Plaintiff states that if this amendment is allowed by the Court "[n]o additional amendments would be sought by the Plaintiff...." Doc. 35 at 2.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Otherwise, a plaintiff may amend his or her pleading only with the written consent

of the defendants or with leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. Whether or not to grant a party leave to amend is within the Court's discretion. New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994). Plaintiff filed his Verified Amended Complaint as a matter of course on April 22, 2015. Plaintiff has not served the original Summons or Complaint on the Defendants.

Upon review of the record and after conferring with the chambers of the Honorable Martin Reidinger, the Court will allow Plaintiff to amend his Verified Amended Complaint. Since the Defendants have not been served, no prejudice occurs by allowing the amendment. The Court cannot find that Plaintiff's amendments are futile at this stage. Defendants, once served, may file a motion to dismiss or for summary judgment.

Therefore, the Court will **grant** Plaintiff's Motion to file a Second Amended Complaint. Plaintiff's Motion to Amend his Verified Amended Complaint is **denied as moot**. The Court warns Plaintiff that his failure to comply with the Court's Orders, the Local Rules or the Federal Rules of Civil Procedure may result in **DISMISSAL OF HIS CLAIMS WITH PREJUDICE**. Plaintiff shall file his Second Amended Complaint on or before June 1, 2015.

In Plaintiff's "Motion for Special Leave of the Court to Modify Service of Summons and Complaint" (document # 33), he asks the Court to modify the statutory requirements for service of the original Complaint and allow him to serve Defendants by electronic means. Plaintiff cites no authority in support of this Motion. Plaintiff must comply with the Federal Rules of Civil Procedure. Therefore, the Court will **deny** Plaintiff's Motion. Plaintiff is ordered to serve Defendants in accordance with the Federal Rules Civil Procedure following the filing of his Second Amended Complaint.

**IT IS THEREFORE ORDERED** that

1. "Plaintiff's Motion for Special Leave to File Second Amended Complaint" (document #35) is **GRANTED.** Plaintiff shall file his Second Amended Complaint on or before June 1, 2015.

2. "Plaintiff's Motion to Amend" (document #34) is **DENIED AS MOOT**.

3. Plaintiff's "Motion for Special Leave of the Court to Modify Service of Summons and Complaint" (document # 33) is **DENIED**.

The Clerk is directed to send copies of this Order to pro se Plaintiff; and to the Honorable Martin Reidinger.

**SO ORDERED**.

Signed: May 28, 2015

David S. Cayer
United States Magistrate Judge