# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-cv-00044-GCM-DSC

| | |
|---|---|
| TODD W. SHORT, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF NORTH CAROLINA, et al., | ) |
|     Defendants. | ) |

## ORDER

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion to Stay and to Extend Time to Respond" (document #239) filed October 26, 2015. Plaintiff states that he was involuntarily committed in a state court proceeding on October 15, 2015, and is due to be released on November 15, 2015, with sixty days of outpatient treatment. Plaintiff seeks a forty-five day stay, presumably from the date he signed his Motion. Following expiration of the stay, Plaintiff seeks an additional ten days to respond to the pending Motions in this case.

Plaintiff has failed to respond to a majority of the pending Motions to Dismiss in this case:

1. "Verified Motion to Dismiss Action Against Defendants Matney & Associates, P.A. and David E. Matney, III" (document #125) filed August 24, 2015;

2. "Verified Motion to Dismiss Action Against Defendant Lawrence E. Thompson, III" (document #127) filed August 24, 2015;

3. Defendant Marianne Redmond's "Motion to Dismiss Pursuant to Rule 4(M) of the Federal Rules of Civil Procedure" (document #147) filed August 28, 2015;

4. Defendant F. Lachicotte Zemp, Jr.'s "Motion to Dismiss Pursuant to Rule 4(M) of the Federal Rules of Civil Procedure" (document #150) filed August 28, 2015;

5. "Motions [to Dismiss] of Steven Kropelnicki and Carter & Kropelnicki, P.A." (document #160) filed September 2, 2015;

6. "Defendant Ace American Insurance Company's Motion to Dismiss" (document #176) filed September 7, 2015;

7. "Defendant Great American Insurance Company's Motion to Dismiss the Complaint" (document #177) filed September 8, 2015;

8. "Defendant Roberts & Stevens, P.A.'s Motion to Dismiss for Failure to State a Claim" (document #183) filed September 11, 2015;

9. "Motion of Defendant Jennifer B. Formichella to Dismiss Pursuant to Rule 4(m) of the FRCP" (document #199) filed September 15, 2015;

10. "Motion to Dismiss by Defendant John Bramlett" (document #206) filed September 18, 2015;

11. "Motion To Dismiss Pursuant To 12(b)(6)" by Defendant Buncombe County, North Carolina (document #211) filed September 18, 2015;

12. "Motion to Dismiss on Behalf of Defendant William E. Loose Fed. R. Civ. P. 12(b)(1), (5) and (6) and Motion to Strike Fed. R. Civ. P. 12(f)" (document #218) filed September 30, 2015;

13. Defendants Sandra Layton, Blair Clark and Parkway Behavioral Health, LLC's "Motion to Dismiss" (document #220) filed October 6, 2015;

14. Defendant Arthur Carder's "Motion to Dismiss" (document #224) filed October 6, 2015;

15. Defendants Elizabeth A. Martineau, Guiselle F. Mahon and Martineau King, PLLC's "Motion to Dismiss" (document #228) filed October 8, 2015;

16. "Motion to Dismiss on Behalf of Defendant North Carolina Department of Health and Human Services (Fed. R. Civ. P. 12(b)(1), (2) and (6))" (document #230) filed October 8, 2015;

17. Defendant Smoky Mountain LME/MCO's "Motion to Dismiss" (document #232) filed October 8, 2015;

18. "Motion to Dismiss by Defendants Cheryl A. Dommer and Scottsdale Insurance Company" (document #234) filed October 8, 2015; and

19. Defendants State of North Carolina, North Carolina Clerks of Superior Court for the North Carolina Unified Court System, Richard Schumacher, Robert H. Christy, Jr., Edwin D. Clontz, Steven D. Cogburn, Tammy C. Case, and Ann Melton's "Motion to Dismiss" (document #236) filed October 15, 2015.

Defendants Sandra Layton, Blair Clark and Parkway Behavioral Health, LLC's "Motion to Strike" (document #167) filed September 3, 2015, and Defendants Steven Kropelnicki and Carter & Kropelnicki, P.A.'s "Motion for Sanctions" (document #215) filed September 28, 2015, are also pending.

Plaintiff's responses to nine of the Motions to Dismiss as well as the Motion to Strike were overdue prior to his involuntary commitment. Other than responding to Defendant Zemp's Motion to Dismiss (document #164) and filing a "Motion to Strike" Defendant Thompson's Motion to Dismiss (document #165), Plaintiff has failed to respond to any of these Motions and the time for filing responses has expired.

Having carefully reviewed the record in this case, the Court concludes in its discretion that a stay is not warranted. The Court will grant an extension of time to respond.

Plaintiff is warned that the District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray,

938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Accordingly, prior to recommending to the Honorable Graham C. Mullen, the District Judge to whom this case is assigned, that this case be dismissed for failure to prosecute, the Court will allow Plaintiff an opportunity to respond to these pending Motions.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Motion to Stay and to Extend Time to Respond" (document #239) is **GRANTED IN PART** and **DENIED IN PART**.

2. On or before December 3, 2015, Plaintiff shall respond to the pending Motions listed herein. Plaintiff is warned that failure to file timely responses may result in **DISMISSAL** of this case **WITH PREJUDICE** and imposition of sanctions.

3. The Clerk is directed to send copies of this Order to the pro se Plaintiff; to defense counsel; and to the Honorable Graham C. Mullen.

**SO ORDERED**.

Signed: November 2, 2015

David S. Cayer
United States Magistrate Judge