IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15CV0044-GCM-DSC

| | | |
|---|---|---|
| TODD W. SHORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Plaintiff's Motion for Disqualification of the Honorable David S. Cayer and Recusal of the United States District Court for the Western District of North Carolina, filed December 18, 2015. The Court has reviewed the filings of the Plaintiff.

Title 28 U.S.C. § 455 governs disqualification of federal district court judges. In pertinent part, the statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

*Id*.

Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978). "A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.' " *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir.1998).

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." *Rosenberg v. Currie*, No. 0:10–1555–DCN–PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir.1990))

With regard to subsection (b)(1), bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000). Additionally, the movant must demonstrate a bias that is extrajudicial or personal in nature, and which results in an opinion based on something other than what was learned from the judge's participation in the case. *Lindsey v. City of Beaufort*, 911 F.Supp. 962, 967 n. 4 (D.S.C. 1995). "In other words, no recusal is warranted if the alleged bias is 'merely based upon the judge's rulings in the instant case or related cases....'" *Farmer v. United States*, Nos. 5:10–CR–271–FL–3, 5:12–CV–725–FL, 2013 WL 3873182, at *2–3 (E.D.N.C. July 25, 2013) (quoting *United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir.1984)).

Here, the Plaintiff has not met his burden of showing that recusal of Magistrate Judge Cayer is appropriate. The Plaintiff has presented nothing more than conclusory allegations of Judge Cayer's bias or prejudice against him. Moreover, the Court likewise finds that there is no basis upon which to recuse all judges in the Western District of North Carolina.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Disqualification is hereby DENIED.

Signed: January 11, 2016

Graham C. Mullen
United States District Judge