# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-CV-44-GCM-DSC

| | |
|---|---|
| TODD W. SHORT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF NORTH CAROLINA, et. al., | ) ) ) |
| | ) |
| Defendants. | ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the following Motions:

1. "Verified Motion to Dismiss Action Against Defendants Matney & Associates, P.A. and David E. Matney, III" (document #125) filed August 24, 2015;

2. "Verified Motion to Dismiss Action Against Defendant Lawrence E. Thompson, III" (document #127) filed August 24, 2015;

3. Defendant Marianne Redmond's "Motion to Dismiss Pursuant to Rule 4(M) of the Federal Rules of Civil Procedure" (document #147) filed August 28, 2015;

4. Defendant F. Lachicotte Zemp, Jr.'s "Motion to Dismiss Pursuant to Rule 4(M) of the Federal Rules of Civil Procedure" (document #150) filed August 28, 2015;

5. "Motions [to Dismiss] of Steven Kropelnicki and Carter & Kropelnicki, P.A." (document #160) filed September 2, 2015;

6. "Defendant Ace American Insurance Company's Motion to Dismiss" (document #176) filed September 7, 2015;

7. "Defendant Great American Insurance Company's Motion to Dismiss the Complaint" (document #177) filed September 8, 2015;

8. "Defendant Roberts & Stevens, P.A.'s Motion to Dismiss for Failure to State a Claim" (document #183) filed September 11, 2015;

9. "Motion of Defendant Jennifer B. Formichella to Dismiss Pursuant to Rule 4(m) of the FRCP" (document #199) filed September 15, 2015;

10. "Motion to Dismiss by Defendant John Bramlett" (document #206) filed September 18, 2015;

11. "Motion To Dismiss Pursuant To 12(b)(6)" by Defendant Buncombe County, North Carolina (document #211) filed September 18, 2015;

12. "Motion to Dismiss on Behalf of Defendant William E. Loose Fed. R. Civ. P. 12(b)(1), (5) and (6) and Motion to Strike Fed. R. Civ. P. 12(f)" (document #218) filed September 30, 2015;

13. Defendants Sandra Layton, Blair Clark and Parkway Behavioral Health, LLC's "Motion to Dismiss" (document #220) filed October 6, 2015;

14. Defendant Arthur Carder's "Motion to Dismiss" (document #224) filed October 6, 2015;

15. Defendants Elizabeth A. Martineau, Guiselle F. Mahon and Martineau King, PLLC's "Motion to Dismiss" (document #228) filed October 8, 2015;

16. "Motion to Dismiss on Behalf of Defendant North Carolina Department of Health and Human Services (Fed. R. Civ. P. 12(b)(1), (2) and (6))" (document #230) filed October 8, 2015;

17. Defendant Smoky Mountain LME/MCO's "Motion to Dismiss" (document #232) filed October 8, 2015;

18. "Motion to Dismiss by Defendants Cheryl A. Dommer and Scottsdale Insurance Company" (document #234) filed October 8, 2015; and

19. Defendants State of North Carolina, North Carolina Clerks of Superior Court for the North Carolina Unified Court System, Richard Schumacher, Robert H. Christy, Jr., Edwin D. Clontz, Steven D. Cogburn, Tammy C. Case, and Ann Melton's "Motion to Dismiss" (document #236) filed October 15, 2015.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u> as to Plaintiff's federal claims and that the Court <u>decline</u> supplemental jurisdiction of any remaining state law claims, as discussed below.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff's claims arise out of state court proceedings in 2002 where he was adjudicated incompetent and a guardian ad litem was appointed. <u>See</u> "Verified Amended Complaint …" (document #21). <u>See also</u> "Order" dated July 14, 2015 (document #63) (since Plaintiff failed to file his Second Amended Complaint within the time allowed, the Verified Amended Complaint is the operative pleading.)

Plaintiff's Verified Amended Complaint is hardly "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To the contrary, the Verified Amended Complaint contains 149 pages, 609 numbered paragraphs- 528 of which purport to be factual allegations- and forty exhibits. Plaintiff's meandering allegations are nearly incomprehensible.

In his "Omnibus Memorandum of Law in Opposition to Defendants' Respective Motions to Dismiss" (document #245) and his "Supplement… to His Omnibus Memorandum …" (document #248), Plaintiff argues that N.C. Gen. Stat. § 35A-1101, et. seq., which governs incompetency and guardianship, violates his rights under the Americans with Disabilities Act ("ADA") and the Sixth and Fourteenth Amendments. According to Plaintiff, the appointment of counsel during these proceedings is "forced representation" which violates his right to represent himself. See Document #245 at 2-3, 7-8 and Document #248 at 9. Plaintiff does not advance any other claims arising under federal or state law.

Defendants' Motions to Dismiss have been fully briefed and are ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to

assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## B. Federal Claims

### 1. ADA Claim

Accepting Plaintiff's argument that the statute of limitations was tolled until his competency was restored on March 2, 2012, the two-year statute of limitations on his ADA claim expired before he filed his Complaint on March 2, 2015.

> Because Congress has not adopted a specific statute of limitations for actions under the ADA and Section 504, the analogous state statute of limitations applies. North Carolina's most analogous statute to the ADA and Section 504 is the Persons with Disabilities Protection Act ("PDPA"), N.C. Gen. Stat. ch. 168A. The PDPA provides a two-year statute of limitations for non-employment-related claims. See N.C. Gen. Stat. § 168A-12. Accordingly, "[c]laims brought pursuant to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act are both subject to the two-year statute of limitations set forth in North Carolina's Persons with Disabilities Protection Act."

J.W. v. Croom, No. 5:11-CV-707-D, 2012 U.S. Dist. LEXIS 136300, at *16-17 (E.D.N.C. Sept. 24, 2012) (internal citations omitted); see also Mary's House, Inc. v. North Carolina, 976 F. Supp. 2d 691 (M.D.N.C. 2013) (holding that claims brought under Title II of the ADA are subject to a two-year statute of limitations.)

> Although the limitations periods for claims brought under the ADA and Section 504 are borrowed from state law, the time for accrual of an action is a matter of federal law. A claim accrues when the plaintiff knows or has reason to know of the injury forming the basis of an action.

J.W. v. Croom, No. 5:11-CV-707-D, 2012 U.S. Dist. LEXIS 136300, at *17 (E.D.N.C. Sept. 24, 2012) (citing A Soc'y Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011); Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)).

Plaintiff clearly alleges that he was aware of the injuries that form the basis for his ADA claim in 2002. Plaintiff also made multiple attempts to restore his competency before March 2, 2012. He did not file his Complaint containing the ADA claim until March 2, 2015, one year after the statute of limitations expired. Accordingly, his ADA claim should be dismissed as time barred.

**2. Self Representation Claim**

Guardianship proceedings in North Carolina are governed by Chapter 35A of the North Carolina General Statutes. Original jurisdiction over such proceedings lies with the Clerk of Court. N.C. Gen. Stat. § 35A-1103. Appeals from decisions by the Clerk are to the Superior Court for hearing de novo and then to the North Carolina Court of Appeals. N.C. Gen. Stat. § 35A-1115.

Pursuant to N.C. Gen. Stat. § 35A-1107, the respondent is entitled to be represented by an appointed guardian ad litem who must be an attorney, unless he has retained counsel. "Appointment and discharge of an appointed guardian ad litem shall be in accordance with rules adopted by the Office of Indigent Defense Services." N.C. Gen. Stat. § 35A-1107(a). Rule 1.6 of the Office of Indigent Defense Services Rules, titled "Waiver of Counsel," states:

> An indigent person who has been informed of his or her right to be represented by counsel at any in-court-proceeding may, in writing, waive the right to in-court representation by counsel. Any such waiver of counsel shall be effective only if the court finds of record that at the time of waiver the indigent person acted with full awareness of his or her rights and of the consequences of the waiver. In making such a finding, the court shall follow the requirements of G.S. 15A–1242 and shall consider, among other things, such matters as the person's age, education, familiarity with the English language, mental condition, and the complexity of the matter.

IDS Rule 1.6 (2015). N.C. Gen. Stat. § 15A–1242 (2008) states:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant: (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled; (2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A–1242 (2008).

The North Carolina Supreme Court has held that in criminal cases, " '[b]efore allowing a defendant to waive in-court representation by counsel ... the trial court must insure that constitutional and statutory standards are satisfied.' " State v. Moore, 661 S.E.2d 722, 724 (N.C. 2008) (quoting State v. Thomas, 417 S.E.2d 473, 475 (N.C. 1992)). "Once a defendant clearly and unequivocally states that he wants to proceed pro se, the trial court ... must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel." Thomas, 417 S.E.2d at 476 (citations omitted). "[T]he record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will." State v. Thacker, 271 S.E.2d 252, 256 (N.C. 1980).

In order to determine whether the defendant's waiver meets this constitutional standard, the trial court must conduct a thorough inquiry. Perfunctory questioning is not sufficient. Thomas, 331 N.C. at 674, 417 S.E.2d at 476. "A trial court's inquiry will satisfy this constitutional requirement if conducted pursuant to N.C.G.S. § 15A–1242." Moore, 362 N.C. at 322, 661 S.E.2d at 724 (citation omitted).

"[T]he United States Constitution permits judges to preclude self-representation for defendants adjudged to be 'borderline-competent' based on a 'realistic account of the particular defendant's mental capacities....' " State v. Lane, 669 S.E.2d 321, 322 (N.C. 2008) (quoting Indiana v. Edwards, 554 U.S. 164, 177–78 (2008).

In short, state courts in North Carolina and other jurisdictions routinely consider issues about legal representation in the context raised by Plaintiff.   See  In re Watson, 706 S.E.2d 296,

302 (N.C. App. 2011) (waiver of counsel in involuntary commitment proceeding) (citing Heryford v. Parker, 396 F.2d 393, 396 (10th Cir.1968); Johnson v. Solomon, 484 F.Supp. 278, 286 (D.Md.1979); Towne v. Hubbard, 3 P.3d 154, 159 n. 18 (Okla.2000); Honor v. Yamuchi, 307 Ark. 324, 329, 820 S.W.2d 267, 270 (1991); Perry v. Banks, 521 S.W.2d 549, 554 (Tenn.1975); In re Fisher, 39 Ohio St.2d 71, 77, 313 N.E.2d 851, 855–56 (1974). See also In re Det. of J.S., 138 Wash.App. 882, 895, 159 P.3d 435, 442 (2007); In Interest of R.Z., 415 N.W.2d 486, 488 (N.D.1987); State v. Collman, 9 Or.App. 476, 483, 497 P.2d 1233, 1236 (1972); Brunetti, The Right to Counsel, Waiver Thereof, and Effective Assistance of Counsel in Civil Commitment Proceedings, 29 S.W.L.J. 684, 711–12 (1975)).

Here, Plaintiff's claim for violation of his constitutional rights is clearly a challenge to the state court judgment declaring him incompetent and appointing a guardian. Accordingly, his claim is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the loser's ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the original incompetency adjudication, the finding that Plaintiff was incapable of representing himself, or his continuation under an adjudication of incompetency, the Rooker-Feldman doctrine bars Plaintiff's cause of action.

For those reasons and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that the Motions to Dismiss be granted.

### C. **Supplemental Jurisdiction of State Law Claims**

Although Plaintiff has stated in his briefs that he is pursuing only the federal claims discussed above, the undersigned will address any potential state law claims out of an abundance of caution.

Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Chesapeake Ranch Water Co. v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). See also Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005); Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994).

"[I]t is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) (citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c))).

Accordingly, for those reasons the undersigned respectfully recommends that this Court decline supplemental jurisdiction of Plaintiff's state law claims.

### III. ORDER

**IT IS ORDERED** that:

1. All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

2. "Plaintiff's Motion for Leave to File Supplement … to His Omnibus Memorandum …" (document #247) is **GRANTED**.

3. "Plaintiff's Motion to Strike Defendant Lawrence E. Thompson, III's … Motion to Dismiss …" (document #165) is **DENIED**.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the following Motions be **GRANTED**:

1. "Verified Motion to Dismiss Action Against Defendants Matney & Associates, P.A. and David E. Matney, III" (document #125) filed August 24, 2015;

2. "Verified Motion to Dismiss Action Against Defendant Lawrence E. Thompson, III" (document #127) filed August 24, 2015;

3. Defendant Marianne Redmond's "Motion to Dismiss Pursuant to Rule 4(M) of the Federal Rules of Civil Procedure" (document #147) filed August 28, 2015;

4. Defendant F. Lachicotte Zemp, Jr.'s "Motion to Dismiss Pursuant to Rule 4(M) of the Federal Rules of Civil Procedure" (document #150) filed August 28, 2015;

5. "Motions [to Dismiss] of Steven Kropelnicki and Carter & Kropelnicki, P.A." (document #160) filed September 2, 2015;

6. "Defendant Ace American Insurance Company's Motion to Dismiss" (document #176) filed September 7, 2015;

7. "Defendant Great American Insurance Company's Motion to Dismiss the Complaint" (document #177) filed September 8, 2015;

8. "Defendant Roberts & Stevens, P.A.'s Motion to Dismiss for Failure to State a Claim" (document #183) filed September 11, 2015;

9. "Motion of Defendant Jennifer B. Formichella to Dismiss Pursuant to Rule 4(m) of the FRCP" (document #199) filed September 15, 2015;

10. "Motion to Dismiss by Defendant John Bramlett" (document #206) filed September 18, 2015;

11. "Motion To Dismiss Pursuant To 12(b)(6)" by Defendant Buncombe County, North Carolina (document #211) filed September 18, 2015;

12. "Motion to Dismiss on Behalf of Defendant William E. Loose Fed. R. Civ. P. 12(b)(1), (5) and (6) and Motion to Strike Fed. R. Civ. P. 12(f)" (document #218) filed September 30, 2015;

13. Defendants Sandra Layton, Blair Clark and Parkway Behavioral Health, LLC's "Motion to Dismiss" (document #220) filed October 6, 2015;

14. Defendant Arthur Carder's "Motion to Dismiss" (document #224) filed October 6, 2015;

15. Defendants Elizabeth A. Martineau, Guiselle F. Mahon and Martineau King, PLLC's "Motion to Dismiss" (document #228) filed October 8, 2015;

16. "Motion to Dismiss on Behalf of Defendant North Carolina Department of Health and Human Services (Fed. R. Civ. P. 12(b)(1), (2) and (6))" (document #230) filed October 8, 2015;

17. Defendant Smoky Mountain LME/MCO's "Motion to Dismiss" (document #232) filed October 8, 2015;

18. "Motion to Dismiss by Defendants Cheryl A. Dommer and Scottsdale Insurance Company" (document #234) filed October 8, 2015; and

19. Defendants State of North Carolina, North Carolina Clerks of Superior Court for the North Carolina Unified Court System, Richard Schumacher, Robert H. Christy, Jr., Edwin D. Clontz, Steven D. Cogburn, Tammy C. Case, and Ann Melton's "Motion to Dismiss" (document #236) filed October 15, 2015.

The undersigned further recommends that the Verified Amended Complaint be **DISMISSED**, that is, that Plaintiff's Americans with Disabilities Act claim be **DISMISSED WITH PREJUDICE**, that his self representation claim be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**, and that the Court **DECLINE SUPPLEMENTAL JURISDICTION** of any remaining state law claims.

### V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Graham C. Mullen.

**SO RECOMMENDED AND ORDERED.**

Signed: January 12, 2016

David S. Cayer
United States Magistrate Judge